**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 1001 NEWARK AVE. ASSOCIATES, LLC<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GENERAL SPRAY DRYING SERVICES, INC.; FABVAN SALES COMPANY (D/B/A GENERAL SPRAY DRYING); CLIFFORD S. BRUCKER, E.I. DU PONT DE NEMOURS & COMPANY; DUPONT DE NEMOURS, INC. (F/K/A DOWDUPONT, INC.); CORTEVA, INC.; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; and JOHN DOES 1-10 (FICTITIOUS ENTITIES),<br><br>　　　　　　Defendants. | Civil Action No. 25-00728 (SDW) (AME)<br><br>**OPINION**<br><br>October 7, 2025 |

**WIGENTON**, District Judge.

　　Before this Court is Defendants E.I. du Pont de Nemours & Company (n/k/a EIDP, Inc.), DuPont de Nemours, Inc. (f/k/a DowDuPont, Inc.), Corteva, Inc., the Chemours Company, and the Chemours Company FC, LLC (the "Moving Defendants") Motion to Dismiss Counts I to V (D.E. 18 ("Motion")) of Plaintiff 1001 Newark Ave. Associates, LLC's Complaint (D.E. 1 ("Compl.")) for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

1

I. **FACTUAL BACKGROUND**

Plaintiff's Complaint arises under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 et seq., and the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. 58:10-23.11 et seq. Plaintiff is seeking to recover environmental cleanup costs, i.e., response costs, it claims it will incur in relation to contamination allegedly existing at and emanating from its property located at 1001 Newark Avenue, Elizabeth, New Jersey (the "Property"). (Compl. ¶ 1.) According to Plaintiff, the primary contaminant of concern at the Property is per- and polyfluoroalkyl substances ("PFAS"), a family of chemical compounds that includes perfluorooctanoic acid ("PFOA"), perfluorononanoic acid ("PFNA"), and perfluorooctane sulfonic acid ("PFOS"). (*Id.*)

Plaintiff asserts that beginning in or around 1970 and continuing until September 2018, Defendant General Spray Drying Service, Inc. ("General Spray") operated at the Property under a lease agreement performing "contract work for customers turning suspensions, emulsions and non-flowable powders into flowable powder products." (*Id.* ¶ 24.) Plaintiff further asserts that those operations involved the pumping of wet mixed materials from a concrete vault through a piping system, ultimately concluding at a drying chamber, throughout which the wet materials would be sprayed. (*Id.* ¶ 27.) The materials would ultimately fall out as flowable powders, which were then heat dried by combustion. (*Id.*) According to Plaintiff, General Spray would clean the processing equipment using a pressure washer and that the wash water would drain into a sump at the corner of the concrete vaults. (*Id.* ¶ 29.)

The Complaint states that Moving Defendants "developed, manufactured, formulated, distributed, sold, transported, stored, loaded, mixed, applied and/or used" PFAS since the 1950s. (*Id.* ¶ 37.) It further alleges, that Moving Defendants were customers of General Spray from

February 2003 through August 2008. (*Id.* ¶ 38.) According to Plaintiff, during that time, Moving Defendants provided General Spray "with a PFAS emulsion product upon which General Spray conducted its processing operations to return a dried PFAS powder back to" Moving Defendants. (*Id.* ¶ 39.)

On January 24, 2025, Plaintiff filed the instant complaint. The Complaint asserts five claims against Moving Defendants: (1) Cost Recovery under CERCLA § 107(a) and 42 U.S.C. § 9607(a); (2) Contribution under CERCLA § 113 and 42 U.S.C. § 9613; (3) Declaratory Judgment under CERCLA §113(g)(2) and 42 U.S.C. § 9613(g)(2); (4) Count 4: Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202; and (5) Cost Recovery under the New Jersey Spill Act, N.J.S.A. 58:10-23.11g(c)(1). (See *id.* ¶¶ 68–108.)

## II.   LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229. Determining whether a complaint's allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*,

3

556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. Counts I and II — Cost Recovery and Contribution

Counts I and II assert claims against Moving Defendants for cost recovery under CERCLA § 107(a) and 42 U.S.C. § 9607(a) and contribution under CERCLA § 113 and 42 U.S.C. § 9613, respectively. As explained below, Plaintiff has failed to adequately plead a cause of action for cost recovery and contribution under CERCLA.

##### i. Cost Recovery

To state a claim for liability under CERCLA § 107(a), a plaintiff must allege: (1) that the defendant is a potentially responsible party ("PRP"); (2) that hazardous substances were disposed of at a "facility"; (3) that there has been a "release" or "threatened" release of hazardous substances from the facility into the environment; and (4) that the release or threatened release has required or will require the plaintiff to incur "response costs." *See* 42 U.S.C. § 9607(a); *New Jersey Tpk. Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 104 (3d Cir. 1999) (citing *United States v. CDMG Realty Co.*, 96 F.3d 706, 712 (3d Cir. 1996)). Additionally, a plaintiff must also plead that the incurred response costs were necessary and consistent with the National Contingency Plan ("NCP"). *See Outlet City, Inc. v. W. Chem. Prods., Inc.*, 60 F. App'x 922, 927 (3d Cir. 2003) ("Section 107 provides that "response costs" can only be recovered from "responsible parties" when they were: 1) necessary; and 2) consistent with [NCP]."); *see also Champion Laboratories, Inc. v. Metex*

*Corp.*, 677 F. Supp. 2d 748, 754 (D.N.J. 2010) (stating that a showing of response costs consistent with the NCP is necessary for a CERCLA § 107 recovery claim.).

Here, Plaintiff fails to plead any compensable response costs pursuant to CERCLA § 107(a). Although Plaintiff contends that it incurred costs for a preliminary groundwater investigation (Compl. ¶ 46), such costs were not necessary response costs, as the investigation was not performed at the Property to gather data for removal or remediation purposes (*id.* ¶¶ 45–47.) *See, e.g. Bowen Eng'g v. Est. of Reeve*, 799 F. Supp. 467 (D.N.J. 1992), *aff'd*, 19 F.3d 642 (3d Cir. 1994) (finding that plaintiffs' incurrence of assessment and monitoring costs were recoverable under CERCLA).

Instead, Plaintiff incurred the costs for the preliminary groundwater investigation in anticipation of future litigation against General Spray. *Bonnieview Homeowners Ass'n v. Woodmont Builders, L.L.C.*, 655 F. Supp. 2d 473, 495 (D.N.J. 2009) ("Private parties may not recoup litigation-related expenses in an action to recover response costs pursuant to section 107(a)(4)(B) of CERCLA") (quoting *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 294 (3d Cir. 2000)). Plaintiff paid its environmental consultant to perform the investigation after conducting a review of General Spray's Preliminary Assessment Report ("PAR") and Response Action Outcome ("RAO") (Compl. ¶¶ 45–46), and then "made a formal demand General Spray reimburse [Plaintiff's] costs . . . withdraw the previously issued RAO, and conduct a full investigation and remediation for the PFAS contamination . . ." (*Id.* ¶ 47.) Thus, Plaintiff's costs in connection with the preliminary investigation are unrecoverable litigation-related expenses.

Moreover, Plaintiff simply quotes CERCLA § 107(a)'s language concerning compliance with the NCP (Compl. ¶ 76) but makes no factual assertions suggesting that any incurred response

5

costs were necessary and consistent with the NCP. Likewise, Plaintiff's conclusory claim that Defendant "caused and/or will cause [Plaintiff] to incur response costs, within the meaning of CERCLA, 42 U.S.C. § 9601(25)" (*id.* at ¶ 78), is a mere recitation of the legal elements, not factual assertions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[F]ormulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss."). Therefore, Plaintiff's threadbare assertions fail to sufficiently plead a claim for cost recovery under CERCLA § 107(a) and 42 U.S.C. § 9607(a).

      **ii. Contribution**

Here, Plaintiff also fails to state a claim for contribution pursuant to CERCLA § 113(f)(1). CERCLA § 113(f)(1) permits a party to seek contribution from another party who is liable or potentially liable under § 107(a) during or following a specified civil action. 42 U.S.C. § 9613(f)(1). A private party who has not been sued in a CERCLA administrative or cost recovery action may not obtain contribution from other liable parties. *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 166–67(2004); *Sandvik, Inc. v. Hampshire Partners Fund VI, L.P.*, No. 13-4667, 2014 WL 1343081, at *5 (D.N.J. Apr. 4, 2014). Based on the statutory language and relevant case law, Plaintiff does not assert a viable claim under CERCLA § 113(f)(1) because Plaintiff has not been sued under CERCLA § 106 or § 107.

Accordingly, Counts I and II of Plaintiff's Complaint are dismissed.

### B. Counts III and IV— Declaratory Judgment

Plaintiff requests declaratory relief under CERCLA § 113(g)(2) and 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act"). (Compl. ¶¶ 85–101.) CERCLA § 113(g)(2) provides that "in any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to

6

recover further response costs or damages." 42 U.S.C. § 9613(g)(2). Under the Declaratory Judgment Act, courts may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

As Plaintiff's claims under CERCLA § 107(a) and 42 U.S.C. § 9607(a) and CERCLA § 113 and 42 U.S.C. § 9613 are dismissed, the request for declaratory judgment is denied cannot be sustained with respect to these claims.

### C. Count V— Cost Recovery Under the Spill Act

Count V of the Complaint asserts a claim for cost recovery under New Jersey's Spill Act, N.J.S.A. 58:10-23.11g(c)(1) (Compl. ¶¶ 102–108.) It is well-settled that "[t]he Spill Act does not provide a private right of action for recovery of cleanup costs and other damages." *Bowen Eng'g v. Est. of Reeve*, 799 F. Supp. 467, 478 (D.N.J. 1992), *aff'd*, 19 F.3d 642 (3d Cir. 1994) (citing *Allied Corp. v. Frola*, 701 F. Supp. 1084, 1091 (D.N.J. 1988)). Therefore, Plaintiff has no viable claim for cost recovery under the Spill Act; and therefore, Count V is dismissed.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Counts I to V of Plaintiff's Complaint is **GRANTED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     André M. Espinosa, U.S.M.J.
        Parties