**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 1001 NEWARK AVE. ASSOCIATES, LLC<br><br>     Plaintiff,<br><br>v.<br><br>GENERAL SPRAY DRYING SERVICES, INC.; FABVAN SALES COMPANY (D/B/A GENERAL SPRAY DRYING); CLIFFORD S. BRUCKER, E.I. DU PONT DE NEMOURS & COMPANY; DUPONT DE NEMOURS, INC. (F/K/A DOWDUPONT, INC.); CORTEVA, INC.; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; and JOHN DOES 1-10 (FICTITIOUS ENTITIES),<br><br>     Defendants.<br><br>    and<br><br>GENERAL SPRAY DRYING SERVICES, INC.<br><br>    Def. / Third-Party Plaintiff,<br><br>v.<br><br>PRESTIGE ENVIRONMENTAL, INC. and GIRISH MEHTA, P.E., LSRP.<br><br>     Third-Party Defendants. | Civil Action No. 25-00728 (SDW) (AME)<br><br>**OPINION**<br><br>October 20, 2025 |

**WIGENTON**, District Judge.

  Before this Court is Third-Party Defendants Prestige Environmental, Inc. and Girish Mehta, P.E., LSRP's (the "Third-Party Defendants") Motion to Dismiss (D.E. 29-1 ("Motion")) Third-Party Plaintiff General Spray Drying Services, Inc. as successor in interest to Fabvan Sales

1

Company's (d/b/a General Spray Drying) ("General Spray") Third-Party Complaint (D.E. 16 ("TP Compl.")) for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

I. <u>FACTUAL BACKGROUND</u>

In the underlying action, Plaintiff, 1001 Newark Ave. Associates, LLC ("Plaintiff"), seeks to recover cleanup and removal costs in connection with per- and polyfluoroalkyl substances ("PFAS") contamination allegedly existing at and emanating from real property located at 1001 Newark Avenue, Elizabeth, New Jersey (the "Property"). (D.E. 1 ("Compl.")). According to Plaintiff, Defendants General Spray and Defendants E.I. du Pont de Nemours & Company (n/k/a EIDP, Inc.), DuPont de Nemours, Inc. (f/k/a DowDuPont, Inc.), Corteva, Inc., the Chemours Company, and the Chemours Company FC, LLC (the "DuPont Defendants") are liable for the contamination existing there and all related costs. (*See* Compl. generally.)

The Third-Party Complaint states that, in or around 2018, General Spray hired Third-Party Defendants to undertake the investigation and remediation of the Property "as required by the Industrial Site Recovery Act, N.J.S.A. 13:1K-6 et seq. ("ISRA") and the terms and conditions of the lease with Plaintiff." (TP Compl. ¶ 266.) General Spray asserts that on March 13, 2019, the New Jersey Department of Environmental Protection ("NJDEP") notified all Licensed Site Remediation Professionals ("LSRPs") that they must investigate any site suspected of using or handling PFAS. (*Id.* at ¶ 267.) General Spray further asserts that Third-Party Defendants failed to investigate the Property for PFAS, despite knowing that General Spray's operations at the Property involved the drying of PFAS for the DuPont Defendants. (*Id.* at ¶¶ 268–269.) According to the Third-Party Complaint, Third-Party Defendants' failure to investigate PFAS at the Property

denied General Spray the "opportunity to budget for the investigation and remediation of PFAS before the proceeds of the sale of General Spray's assets were distributed." (*Id.* at ¶¶ 282–286.)

On April 25, 2025, General Spray filed its Third-Party Complaint. (D.E. 16.) The Third-Party Complaint asserts five claims against Third-Party Defendants: (1) professional malpractice; (2) negligence; (3) breach of contract; (4) breach of good faith and fair dealing; and (5) common law indemnification. (See *id.* ¶¶ 263–318.) Third-Party Defendants filed the present Motion to Dismiss on July 1, 2025. (D.E. 29-1.) General Spray opposed on July 21, 2025 (D.E. 30 ("Opp.")), and Third-Party Defendants replied on July 28, 2025 (D.E. 31.)

II. **LEGAL STANDARD**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229. Determining whether a complaint's allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader

is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. Counts I and II — Professional Malpractice and Negligence

Counts I and II assert claims against Third-Party Defendants for professional malpractice and negligence. At the outset, this Court finds that General Spray's professional malpractice and negligence claims are duplicative. General Spray's malpractice claim is essentially a negligence claim against Third-Party Defendants. General Spray does not plead any allegations of conduct separate and distinct from the conduct underlying its malpractice claim. *See e.g.*, *Cohen v. Horn*, No. CV 19-5604, 2022 WL 1718051, at *8 (D.N.J. May 27, 2022), *aff'd*, No. 22-2148, 2022 WL 17546950 (3d Cir. Dec. 9, 2022) (dismissing claim of negligence as duplicative of legal malpractice claims). However, as explained below, General Spray has failed to adequately plead a cause of action for either professional malpractice or negligence.

##### i. Professional Malpractice

Under New Jersey law, professional malpractice arises from the theory of negligence. *Grunwald v. Bronkesh*, 621 A. 2d 459, 463 (N.J. 1993). Like a negligence action, a "malpractice action is based on the improper performance of a professional service that deviated from the acceptable standard of care." *Zuidema v. Pedicano*, 860 A. 2d 992, 998 (N.J. Super. Ct. App. Div. 2004) (citing *Sanzari v. Rosenfeld*, 167 A.2d 625, 628 (N.J. 1961)). Critically, a malpractice action cannot proceed without actual damages. *See Olds v. Donnelly*, 696 A.2d 633, 640 (N.J. 1997) (citing *Grunwald*, 621 A.2d at 465). "Actual damage is 'real' not 'speculative.'" *Id.*

Here, in contrast to General Spray's opposition brief (D.E. 30), the Third-Party Complaint fails to set forth any actual damages that were proximately caused by Third-Party Defendants.[1] General Spray states that Third-Party Defendants denied General Spray the "opportunity to budget for the investigation and remediation of PFAS before the proceeds of the sale of [its] assets were distributed." (TP Compl. ¶ 285.) However, even when construing the facts favorably to General Spray, the alleged damages are too remote and speculative to support a viable claim for professional malpractice. Accordingly, Count I is dismissed.

    ii. **Negligence**

Under New Jersey law, a negligence action requires: (1) a duty of care; (2) a breach of that duty; (3) proximate cause; and (4) actual damages. *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (citing *Polzo v. Cnty. of Essex*, 960 A.2d 375, 384 (2008)). For the same reasons stated above, General Spray fails to sufficiently plead actual damages. Moreover, Count II is also subject to dismissal as it merely recites the legal elements for a negligence claim and fails to set forth any factual assertions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[F]ormulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss."). Accordingly, Count II is dismissed.

**B. Count III — Breach of Contract**

General Spray also fails to state a viable claim for breach of contract. Under New Jersey law, to state a viable claim for breach of contract, a party must allege: "(1) a contract between the two parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party

---

[1] General Spray cannot attempt to cure the Third-Party Complaint's defects in its opposition brief by alleging additional facts. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 120 (D.N.J. 2017) (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citing *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002)). As the facts alleged by General Spray fails to plausibly establish a claim for professional malpractice and negligence, they similarly fail to make out a claim for breach of contract. The Third-Party Complaint does not allege any facts demonstrating actual damages that were proximately caused by Third-Party Defendants' alleged breach. Accordingly, Count III is dismissed.

### C. Counts IV and V — Breach of Good Faith and Fair Dealing and Indemnification

As to Counts IV and V, General Spray again merely recites the legal elements for such claims and fail to make any factual assertions. General Spray's threadbare assertions fail to sufficiently plead a claim for breach of good faith and fair dealing and common law indemnification. Additionally, Count IV is also duplicative of General Spray's breach of contract claim against Third-Party Defendants as the allegations are not sufficient to plead a breach of good faith and fair dealing separate from the breach of contract claim. *See Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.*, 449 F. Supp. 3d 449, 463 (D.N.J. 2020) (internal citation omitted) ("[P]laintiff cannot maintain a breach of the implied covenant of good faith and fair dealing claim that is duplicative of its breach of contract claim."). Accordingly, Counts IV and V are dismissed.

### IV. CONCLUSION

For the reasons set forth above, Third-Party Defendants' Motion to Dismiss General Spray's Third-Party Complaint is **GRANTED WITHOUT PREJUDICE**. General Spray shall have thirty (30) days to file an amended complaint. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    André M. Espinosa, U.S.M.J.
       Parties